T.C. Memo. 1996-144


UNITED STATES TAX COURT


ESTATE OF CARLOS A. VEGA, DECEASED, TRINIDAD O. VEGA,
ADMINISTRATRIX, AND TRINIDAD O. VEGA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10708-94.              Filed March 21, 1996.


Trinidad O. Vega, pro se.

<u>Steven M. Roth</u> and <u>Gregory Powers</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated May 24, 1994, respondent
determined deficiencies in Carlos and Trinidad Vega's 1988 and
1989 Federal income taxes in the amounts of $16,550 and $6,701,
respectively.  The parties have stipulated that the only

remaining issue is whether for tax years 1988 and 1989 Trinidad Vega qualifies for "innocent spouse" relief pursuant to section 6013(e). We hold that she does not qualify.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The stipulations of facts and the stipulations of agreed adjustments are incorporated by this reference.

### FINDINGS OF FACT

At the time the petition was filed, Trinidad Vega resided, and Carlos Vega's estate had a mailing address, in Los Angeles, California.

Mr. and Mrs. Vega were married and lived together during the years in issue. Mrs. Vega did not work outside the home, and her primary responsibility was raising the couple's two dependent children, George and Melissa.

Mr. Vega controlled the family finances. He was a real estate broker and partner in Vega, Barr & Associates. He owned seven rental properties in 1988 and eight in 1989. All of these properties were held in his name alone. Mr. Vega did not permit Mrs. Vega to have her own bank account or credit card, and he wrote most of the checks on their joint bank account. Mr. Vega died intestate on May 7, 1990. Prior to Mr. Vega's death, Mrs. Vega did not know how many properties he owned, nor was she aware of the details of his business affairs.

Mr. Vega routinely asked Mrs. Vega to sign documents without explaining their content or legal effect. He assured her that signing the documents was in the family's best interest. He frequently told her that her role was to take care of the house and children and that she could leave if she did not like this arrangement. Invariably, she would sign the documents.

The Vegas' 1988 individual income tax return reported total Schedule C (Profit or Loss From Business or Profession) income of $2,000, total Schedule C deductions of $64,725, and total Schedule E (Supplemental Income Schedule) income of $84,993.

The Vegas' 1989 individual income tax return reported total Schedule C income of $5,000, total Schedule C deductions of $26,421, and no self-employment tax.

On May 24, 1994, respondent issued a notice of deficiency to Mrs. Vega and Mr. Vega's estate for the 1988 and 1989 tax years. With respect to the 1988 tax return, respondent disallowed the deductions totaling $64,725 due to lack of substantiation and increased total Schedule E income by $1,952. These adjustments resulted in a deficiency in the amount of $16,550 for 1988. With respect to the 1989 tax return, respondent disallowed the deductions totaling $26,421 due to lack of substantiation. This adjustment resulted in a deficiency of $6,701.

On June 21, 1994, Mrs. Vega filed her petition with this Court requesting relief under section 6013(e).

OPINION

Section 6013(d)(3) provides the general rule imposing joint and several liability on spouses that file a joint return. The so-called innocent spouse provision of section 6013(e) is an exception to this general rule. Under section 6013(e), Mrs. Vega will be relieved of liability for tax (including interest, penalties, and other amounts) if she establishes that: (1) A joint Federal income tax return was filed; (2) there is a substantial understatement of tax attributable to grossly erroneous items of Mr. Vega; (3) in signing the return, Mrs. Vega did not know, and had no reason to know, of the substantial understatement; and (4) taking into account all of the facts and circumstances, it would be inequitable to hold Mrs. Vega liable for the deficiency attributable to such substantial understatement. Mrs. Vega bears the burden of proving she meets each of the four elements. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Her failure to establish any of the elements will preclude innocent spouse relief. Bokum v. Commissioner, 94 T.C. 126, 138 (1990), affd. 992 F.2d 1132 (11th Cir. 1993).

We hold that Mrs. Vega does not qualify for protection as an innocent spouse for 1988 and 1989. Mrs. Vega has failed to establish that (1) the deductions totaling $64,725 in 1988 and $26,421 in 1989 were attributable to grossly erroneous items, and (2) it would be inequitable to hold her liable for the amounts at

issue.  Therefore, we sustain respondent's determinations and discuss the grossly erroneous and inequitability requirements in greater detail below.

A.    Grossly Erroneous Requirement

Under section 6013(e)(1)(B), Mrs. Vega must establish that there was a substantial understatement of tax attributable to grossly erroneous items of Mr. Vega in 1988 and 1989.  Respondent concedes that for each year there was a substantial understatement attributable to items of Mr. Vega.  As a result, we need only consider whether the items were grossly erroneous.

Respondent determined that the 1988 return understated gross income from Schedule E by $1,952.  Because all items omitted from gross income are considered grossly erroneous, the $1,952 understatement satisfies this requirement.  Sec. 6013(e)(2); Flynn v. Commissioner, 93 T.C. 355 (1989).

Respondent also disallowed claimed Schedule C deductions totaling $64,725 in 1988 and $26,421 in 1989.  The deductions will be considered grossly erroneous only if Mrs. Vega proves they had no basis in fact or law.  Sec. 6013(e)(2).  She did not produce any evidence on this point.  Mrs. Vega cannot rely on the mere disallowance of the deductions or her inability to substantiate them to establish a lack of basis in fact or law. Douglas v. Commissioner, 86 T.C. 758, 763 (1986); Portillo v. Commissioner, T.C. Memo. 1990-68, revd. in part, affd. in part, and remanded 932 F.2d 1128 (5th Cir. 1991).  Consequently, she

has not carried her burden of establishing that the deductions were grossly erroneous.

B.    Inequitability Requirement

Under section 6013(e)(1)(D), Mrs. Vega must establish that it would be inequitable to hold her liable for the deficiencies in 1988 and 1989.  In deciding this matter, we consider whether (1) she significantly benefited from the understatements; (2) Mr. Vega had divorced, deserted, or separated from her; and (3) she would face probable future hardships if relief were denied. Makalintal v. Commissioner, T.C. Memo. 1996-9, and the cases cited therein; Cousins v. Commissioner, T.C. Memo. 1995-129, and the cases cited therein.

Mrs. Vega lived with and was supported by her husband during 1988 and 1989.  She did not produce any evidence to disprove that she significantly benefited from the understatements.  Although her husband died in 1990, the record does not establish how much property passed to Mrs. Vega under California's law of intestacy. Therefore, she has not met her burden of proving that it would be inequitable to hold her liable.

Because Mrs. Vega has not satisfied every element of section 6013(e), she is not relieved of liability for the deficiencies relating to 1988 and 1989.

To reflect the foregoing,

Decision will be entered for respondent.